```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

SHANNON PITTS,                         )
                                       )
            Petitioner,                )
                                       )
      v.                               )     No. 4:08-CV-1146-DJS
                                       )
DON ROPER,                             )
                                       )
            Respondent.                )

### MEMORANDUM AND ORDER OF TRANSFER

       This matter is before the Court upon the petition of Shannon Pitts for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and his motion for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee. Therefore, the Court grants petitioner leave to proceed in forma pauperis.

       Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 23, 1996, petitioner pleaded guilty in the Circuit Court of Cape Girardeau, Missouri, to one count of murder in the second degree and one count of assault in the first degree. He was sentenced on April 1, 1996 to twenty-five years for the murder count and twenty years for the assault count, to be served consecutively. Petitioner is currently serving his sentences at the Potosi Correctional Center.

       The Court's records show that petitioner previously brought a § 2254 petition for a writ of habeas corpus, and that the

action was denied on the merits.  See <u>Pitts v. Bowersox</u>, No. 4:99-CV1128-DJS (E.D.Mo.).  The Eighth Circuit Court of Appeals denied petitioner a certificate of appealability and dismissed the appeal. <u>Pitts v. Bowersox</u>, No. 03-1205EMSL (8th Cir. 2003).

Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Because petitioner did not obtain permission from the Eighth Circuit Court of Appeals to maintain the instant § 2254 application, this Court lacks authority to grant petitioner the relief he seeks.  Rather than dismiss this action, the Court will transfer the petition to the United States Court of Appeals for the Eighth Circuit pursuant to 28 U.S.C. § 1631.  See <u>In re Sims</u>, 111 F.3d 45, 47 (6th Cir. 1997); <u>Coleman v. United States</u>, 106 F.3d 339 (10th Cir. 1997); <u>Liriano v. United States</u>, 95 F.3d 119, 122-23 (2d Cir. 1996).

Therefore,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that no order to show cause shall issue as to the respondent, because the instant petition is successive under 28 U.S.C. § 2244(b)(3)(A).

**IT IS FURTHER ORDERED** that petitioner's application for a writ of habeas corpus is **DENIED**, without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall **TRANSFER** the instant petition to the United States Court of Appeals for the Eighth Circuit pursuant to 28 U.S.C. § 1631.

Dated this __26th__ day of August, 2007.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE